UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR A. SANCHEZ, JR.,<br><br>            Plaintiff,<br><br>    v.<br><br>DETENTION OFFICERS OF KERN<br>COUNTY SHERIFF'S LERDO JAIL,<br><br>            Defendants.<br>_____/ | CV F 04 5727 OWW SMS P<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT WITHOUT PREJUDICE FOR FAILING TO EXHAUST REMEDIES AND FAILING TO STATE A CLAIM FOR RELIEF UPON WHICH RELIEF CAN BE GRANTED (Doc. 1.) |

Victor A. Sanchez Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.  SUMMARY OF COMPLAINT**

Plaintiff states that during a transfer from Kern County Sheriff's Department to Wasco State prison Plaintiff was beat up by officers.  Plaintiff is unclear as to why he was assaulted and therefore, alleges no specific constitutional violation.  Further, although an administrative process was available, Plaintiff concedes that he did not file an appeal or administrative grievance concerning the events at issue in this action.

**C.  EXHAUSTION**

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),  "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life.  Porter v. Nussle, 435 U.S. 516, 532 (2002).  Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated.  Booth v. Churner, 532 U.S. 731, 741 (2001).  "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  Porter, 534 U.S. at 524 (*citing* to Booth, 532 U.S. at 739 n.5).

According to the Ninth Circuit, there are two principal policies behind the administrative exhaustion rule:  The first is to protect an administrative agency's authority by giving the agency the first opportunity to resolve a controversy before a court intervenes in the dispute.  Ngo v.

1  Woodford, 403 F.3d 620, 624 (9th Cir. 2005).  The second is to promote judicial efficiency by
2  either resolving the dispute outside of the courts, or by producing a factual record that can aide
3  the court in processing a plaintiff's claim.  Id.  Thus, exhaustion must occur *prior to filing suit*
4  and Plaintiff may not exhaust while the suit is pending.  McKinney v. Carey, 311 F.3d 1198,
5  1199-1201 (9th Cir. 2002).

6  As noted above, Plaintiff concedes that he filed no administrative remedy with respect to
7  the allegations made in this Complaint.  It appears that Plaintiff did file a complaint with Kern
8  County and an investigation was performed, however, the Complaint is insufficient to
9  demonstrate exhaustion of the remedies available within the institution.  Because is it clear from
10 the face of plaintiff's complaint that he did not exhaust the available administrative remedies
11 prior to filing suit, this action must be dismissed.  42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315
12 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds
13 for dismissal . . . .").

**C.  CLAIMS FOR RELIEF**

Even had Plaintiff exhausted his administrative remedies, the Court would be required to dismiss the complaint as it fails to state a claim for relief.  Although Plaintiff states that he was beat up, Plaintiff ails to link any named Defendant to an act or omission giving rise to a constitutional violation. Moreover, Plaintiff does not state what constitutional rights were violated.

> The Civil Rights Act under which this action was filed provides:
> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

**D. CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief under section 1983 and has further conceded that he has not exhausted his administrative remedies. Thus, therefore leave to amend should not be granted and the Court RECOMMENDS that this action be dismissed in its entirety.

It is HEREBY ORDERED that these Findings and Recommendations be submitted to the United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) DAYS** after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 13, 2005**          /s/ Sandra M. Snyder
icido3                                   UNITED STATES MAGISTRATE JUDGE