UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR A. SANCHEZ, JR.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DETENTION OFFICERS OF KERN COUNTY SHERIFF'S LERDO JAIL,<br><br>　　　　Defendants.<br>_____/ | 1:04-cv-05727-OWW-SMS-P<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 6)<br><br>**ORDER DISMISSING COMPLAINT/ ENTIRE ACTION** |

　　　Plaintiff, Victor A. Sanchez, Jr. ("plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

　　　On October 14, 2005, the Magistrate Judge filed Findings and Recommendations herein which were served on the parties and which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty (30) days.  On November 21, 2005, plaintiff filed a motion to extend time.  On December 15, 2005, the court granted plaintiff an

1

1  additional thirty (30) days within which to respond.  On December
2  21, 2005, plaintiff filed objections to the Magistrate Judge's
3  Findings and Recommendations.
4     In his Objections, Plaintiff states that he filed a
5  citizen's complaint and was informed that this was sufficient to
6  exhaust administrative remedies. (Objections at 2.)  However,
7  this justification is insufficient to excuse exhaustion.  As
8  noted in the Findings and Recommendations, the Prison Litigation
9  Reform Act requires exhaustion of administrative remedies.  42
10 U.S.C. § 1997e(a). Even assuming that Plaintiff was given
11 misinformation and was unaware that he could file more
12 administrative remedies, this is insufficient cause to excuse
13 exhaustion.  Moreover, Plaintiff concedes that he only filed a
14 citizen's complaint and nothing more.  Thus, because it is clear
15 from the face of the Complaint and Objections Plaintiff did not
16 exhaust his administrative remedies,dismissal is warranted. 42
17 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th
18 Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid
19 grounds for dismissal . . . .").  Exhaustion must also occur
20 *prior to filing suit* and Plaintiff may not exhaust while the suit
21 is pending.  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th
22 Cir. 2002).  Thus, Plaintiff may not proceed in federal court
23 until such administrative remedies are exhausted.
24     In accordance with the provisions of 28 U.S.C.
25 § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a
26 de novo review of this case.  Having carefully reviewed the
27 entire file, the Court finds the Findings and Recommendations to
28 be supported by the record and by proper analysis.

2

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed October 14, 2005, are ADOPTED IN FULL; and,

2. This action is DISMISSED in its entirety.

IT IS SO ORDERED.

**Dated:   February 16, 2006**            /s/ Oliver W. Wanger
emm0d6                                                              UNITED STATES DISTRICT JUDGE